IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALVIN DEWAYNE TRIGG, ) | |
|     ID # 1648439, ) | |
|         Petitioner, ) | |
| vs. ) | No. 3:17-CV-1908-N (BH) |
| ) | |
| Unnamed Respondent ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Before the Court is the petitioner's *Filing Procedure of 2254/Motion for Authorization to Proceed*, received July 18, 2017 (doc. 3). Based on the relevant findings and applicable law, this action should be **DISMISSED** for lack of subject matter jurisdiction.

**I. BACKGROUND**

The petitioner was convicted of aggravated robbery in Cause No. F09–55202 in Criminal District Court No. 3 of Dallas County, Texas, on May 5, 2010, and he was sentenced to forty years' confinement. (*See* doc. 3); *Trigg v. State*, 05-10-00576-CR, 2011 WL 2520279 (Tex. App. – Dallas June 27, 2011); *see also* www.tdcj.texas.gov (search for petitioner). He did not file a petition for discretionary review. He filed a state habeas application that was dismissed for noncompliance with the appellate rules by the Texas Court of Criminal Appeals on October 12, 2016. *See Ex parte Trigg*, WR-85,794-01 (Tex. Crim. App. Oct. 12, 2016). He filed a second state habeas application that was denied on June 14, 2017. *See Ex parte Trigg*, WR-85,794-02 (Tex. Crim. App. June 14, 2017).

The petitioner's motion seeks authorization to file a federal habeas petition under 28 U.S.C.

§ 2254 challenging his conviction, which he claims should not be barred by the statute of limitations. He does not set out grounds for habeas corpus review of his custody under a state conviction and sentence.

## II. JURISDICTION

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. It applies to all federal petitions for habeas corpus filed after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). One of the ways that Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions was by imposing of a one-year statute of limitations for filing a federal petition. *See* 28 U.S.C. § 2244(d)(1). AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 130 S.Ct. 2549 (2010) (deciding that the timeliness provision in the AEDPA is subject to equitable tolling). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, slip op. at 12, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "Equitable tolling applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

Section 2254 does not authorize federal courts to prospectively extend, stop or toll the one-year statute of limitations. *See* § 2244(d)(1). Federal courts lack jurisdiction to consider the timeliness of a habeas petition until it is actually filed. *See United States v. McFarland,* 125 Fed. App'x 573, *1 (5th Cir. Apr. 6, 2005) ("Before the [§ 2255] petition itself is actually filed, 'there

2

is no case or controversy to be heard, and any opinion we were to render on the timeliness would be merely advisory.'"); *see also Gray v. Quarterman*, No. 3:08-CV-2068-D, 2008 WL 5385010 (N.D. Tex. Dec. 23, 2008) (federal courts do not "sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them]"), *quoting Princeton University v. Schmid*, 455 U.S. 100, 102 (1982) (other citations omitted). A party seeking to invoke federal subject matter jurisdiction must present a justiciable case or controversy. *Gray*, 2008 WL 5385010 at *1, *citing Juidice v. Vail*, 430 U.S. 327, 331 (1977) (other citations omitted).

Here, a ruling on the petitioner's motion will require an advance determination of whether his petition will be time-barred and whether equitable tolling is applicable. As noted, § 2254 does not authorize a prospective extension of the statute of limitations. There is no adverse party before the Court at this time, and no concrete dispute to be decided. Accordingly, the Court lacks subject matter jurisdiction to grant any relief on this motion.

### III.  RECOMMENDATION

This action should be **DISMISSED** for lack of jurisdiction.

**SO RECOMMENDED on this 20th day of July, 2017.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE