# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| ALVIN DEWAYNE TRIGG, ID # 1648439, Petitioner, | ) ) ) |
| vs. | ) No. 3:17-CV-1908-N (BH) ) |
| Unnamed Respondent | ) Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case was referred for findings, conclusions, and recommendation. Before the Court is the petitioner's *Motion of Notice of Appeal for the Issuance of Certificate of Appealability*. (Doc. 13). Based on the relevant findings and applicable law, the motion should be **DENIED**.

## I. BACKGROUND

Alvin Dewayne Trigg (Petitioner) filed a motion that sought authorization to file a federal habeas petition under 28 U.S.C. § 2254 challenging a state conviction, which he claimed should not be barred by the statute of limitations. (Doc. 3.) The action was dismissed for lack of jurisdiction. (Docs. 7, 8.) He now seeks a certificate of appealability.

## II. CERTIFICATE OF APPEALABILITY

This Court previously denied a certificate of appealability in this case in an order dated August 3, 2017 (doc. 7). He is not entitled to a certificate of appealability for the reasons he was previously denied a certificate of appealability set forth in the prior order (doc. 7). Petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000);

Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

## III. RECOMMENDATION

Petitioner's motion for a certificate of appealability (doc. 13) should be **DENIED**.

**SIGNED on this 2nd day of January, 2018.**

_Irma Carrillo Ramirez_
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_Irma Carrillo Ramirez_
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE